IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JOSHUA D. LAMB;<br>2. MATTHEW C. LAY;<br>3. ERIC D. ACOSTA;<br>4. ZACHARY G. ALLPHIN;<br>5. NORITA M. BRIDGES;<br>6. CRAIG C. DEERINWATER;<br>7. TIM B. DOWNIE;<br>8. JEFFREY A. HARPER;<br>9. HEATHER D. PERKEY;<br>10. RONALD STEWART;<br>11. DARREN L. THAMES;<br>12. MICHAEL D. WARD;<br>13. NICHOLAS L. WILSON;<br><br>    Plaintiffs,<br><br>v.<br><br>1. CITY OF TULSA, OKLAHOMA;<br>2. GEORGE THERON BYNUM, sued in his official capacity as Mayor of the City of Tulsa, Oklahoma; and<br>3. JACK BLAIR, sued in his official capacity as Chief Operations Officer of the City of Tulsa, Oklahoma;<br><br>    Defendants. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### INTRODUCTION

Plaintiffs, by and through their counsel, respectfully submit their Complaint against the City of Tulsa, Oklahoma, and state as follows:

### PARTIES

1. Plaintiffs Joshua D. Lamb (who is the Secretary Treasurer of the labor organization representing the fire fighters of the City of Tulsa, International Association of Fire Fighters, AFL-

CIO, CLC, Local 176 ("IAFF Local 176")), Matthew C. Lay (President of IAFF Local 176), Eric D. Acosta, Zachary G. Allphin, Norita M. Bridges, Craig C. Deerinwater, Tim B. Downie, Jeffrey A. Harper, Heather D. Perkey, Ronald Stewart, Darren L. Thames, Michael D. Ward, and Nicholas L. Wilson are current and former employees of the City of Tulsa, Oklahoma, ("Defendant" or "City"), who bring this action under the Fair Labor Standards Act ("FLSA") against Defendants, on behalf of themselves and other similarly situated employees, because of Defendants' unlawful deprivation of Plaintiffs' rights to overtime compensation. Plaintiffs are similarly situated because they have been subject to the same policies and/or practices, described below, whereby the City willfully failed to fully and timely compensate Plaintiffs at the lawful overtime rate for all overtime work, as required by the FLSA.

2. Defendant City of Tulsa, Oklahoma, operates the Tulsa Fire Department, which is the department responsible for fire and emergency response for the City of Tulsa and its residents.

3. Defendant George Theron Bynum, sued in his official capacity as Mayor of the City of Tulsa, is a City official responsible for lawfully exercising the executive and administrative powers of the City, including, among other things, ensuring that the City does not unlawfully take the benefits of its hardworking public safety employees' labor without providing full compensation for that labor consistent with federal law.

4. Defendant Jack Blair, sued in his official capacity as Chief Operating Officer of the City of Tulsa, is also a City official responsible for, among other things, ensuring that the City does not unlawfully take the benefits of its hardworking public safety employees' labor without providing compensation for that labor consistent with federal law

5. At all times material herein, Defendants have employed the Plaintiffs in the positions of Firefighter, Lieutenant, and/or Captain in the Tulsa Fire Department. The exact dates

of the Plaintiffs' employment are in the custody and control of the Defendants, and the Defendants know specifically what dates each of the Plaintiffs has worked in each position.

6. The Plaintiffs bring this action for backpay compensation, liquidated damages, attorneys' fees and costs, and other relief available under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*

7. The Plaintiffs who are identified in the caption of the Complaint have given their written consent to be party Plaintiffs in this action, pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Complaint as Exhibit A.

8. At all times material herein, all Plaintiffs have been "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9. Defendant City of Tulsa is a municipal corporation under the laws of the State of Oklahoma, with the power to sue and be sued in its own name. Defendants Bynum and Blair are public officials of the City of Tulsa and sued in their official capacities as officials of the City of Tulsa. At all times material herein, Defendant City of Tulsa has been a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(x), 203(d). Defendant has a principal office and place of business located within the United States District Court for the Northern District of Oklahoma, at the Tulsa City Hall, located at 175 E. 2nd Street, in Tulsa, Oklahoma 74103.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over Plaintiffs' FLSA action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. A substantial part of the events giving rise to Plaintiffs' claims occurred in this District, as the unpaid wages sought in this action were earned in this District. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS

12. Plaintiffs have worked for Defendants in the positions of Firefighter, Lieutenant, and/or Captain at the Tulsa Fire Department from January 28, 2019, through the present, as well as before.

13. Defendants have adopted a 27-day "work period" for the City's fire protection employees, pursuant to 29 U.S.C. § 207(k). As a result, the applicable overtime threshold for Plaintiffs is 204 hours in each 27-day work period. 29 C.F.R. § 553.230.

14. During the relevant time period, Plaintiffs have been assigned to work and did in fact work a regular, repeating schedule of 24-hour shifts—from 8 a.m. to 8 a.m. the following day—followed by 48 hours off. This shift schedule is referred to as a "24/48."

15. In the Tulsa Fire Department, each fire suppression employee, including the Plaintiffs, is given one shift off duty for every 14 regularly scheduled shifts. The off-duty shift is referred to as an "Hours Reduction Shift" or "HRS."

16. As a result of their 24/48 shift schedule and recurring HRS days, Plaintiffs are regularly scheduled to work an alternating pattern of 216 hours in one 27-day work period followed by 192 hours in the next 27-day work period; this schedule repeats. As such, Plaintiffs are regularly scheduled to and do in fact work beyond the 204-hour overtime threshold pursuant to 29 U.S.C. 207(k).

17. While on shift, Plaintiffs perform their regular, primary job duty of performing emergency response work, including but not limited to responding to calls for emergency assistance, operating emergency apparatuses, advancing hose-line to burning buildings, extinguishing fires, and providing emergency medical assistance as needed.

18. Plaintiffs are paid a fixed salary every two weeks on their biweekly payday to compensate them for their regularly scheduled hours. Prior to April 2021, Plaintiffs received either "OT FLSA .5" or "OT FLSA 1.5" pay for their regularly scheduled overtime work that exceeded the applicable FLSA threshold.

19. However, in or about April 2021, Defendants ceased paying Plaintiffs FLSA overtime for their regularly scheduled overtime work. As a result, Defendants have failed to pay Plaintiffs one and one-half times their regular rate of pay for their regularly scheduled overtime work, as required by the FLSA.

20. At all times material herein, Defendants have known and should have known that uncompensated overtime work was being performed by Plaintiffs. For example, Defendants track Plaintiffs' regularly scheduled shifts, including overtime hours, and any additional overtime shifts that are picked up or worked by the Plaintiffs. Defendants also administer Plaintiffs' biweekly paychecks and thus knows Plaintiffs have not received FLSA overtime payments for their regularly scheduled overtime work since at least April 2021.

21. In addition to their regularly scheduled shifts, Plaintiffs also frequently pick up overtime shifts when stations are short on staffing or overtime work is otherwise needed. To be paid for overtime shifts that are not part of their regular shift schedule, Defendants require Plaintiffs to submit a written overtime slip to their supervisors. The overtime request is then passed up to the Assistant Chief level and then transmitted to payroll, where it is supposed to be processed and paid.

22. Without explanation or justification, Defendants have frequently failed to issue payment in a timely manner after Plaintiffs submit their overtime slips for payment. At times material from January 28, 2019, and through the present and ongoing, Defendants have

unreasonably delayed such overtime payment for periods of weeks or months beyond Plaintiffs' regularly scheduled biweekly payday. For example, Plaintiff Lamb performed unscheduled overtime work beyond the applicable FLSA threshold on November 28, 2021, and December 11, 2021, in the pay period ending December 11, 2021. Plaintiff Lamb timely submitted an overtime payment request pursuant to Department policy, but payment for such overtime work has been delayed unreasonably by more than 38 days.

23.    The exact scheduled overtime hours worked by Plaintiffs and the exact workweeks in which Plaintiffs worked over the FLSA statutory maximum number of hours as part of their scheduled work hours can easily be determined by looking at the Plaintiffs' timekeeping and payroll records, which are in the possession, custody, and control of Defendants.

24.    Defendants' actions in refusing to provide Plaintiffs the rights and protections provided under the FLSA are willful in that Defendants knew the City's pay practices were prohibited by the FLSA or, at the very least, showed a reckless disregard for the FLSA. For example, Defendants knowingly accepted the benefit of Plaintiffs' regularly scheduled and unscheduled overtime work from at least April 2021 without compensating Plaintiffs at the lawful overtime rate. Moreover, Defendants have failed to ensure that Plaintiffs are timely compensated for unscheduled overtime work for years, even after employees complain about the lack of timely payments.

## COUNT I

**Violation of Sections 7(a), (k) of the Fair Labor Standards Act, 29 U.S.C. §§ 207(a), (k)**

25. Plaintiffs re-allege, and incorporate by reference herein, Paragraphs 1 through 24 of this Complaint.

26. Defendants have suffered or permitted Plaintiffs and other similarly situated employees to work in excess of the hourly standards set forth under 29 U.S.C. § 207(k). During the times that Plaintiffs have worked in excess of 204 hours in a 27-day work period, Defendants have failed to provide Plaintiffs with overtime pay at the rate of one and one-half times their regular rates of pay for all overtime hours.

27. By failing to pay the Plaintiffs and other employees similarly situated the overtime pay required under the law, the Defendants have violated and are continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, the Plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

28. As a result of the Defendants' willful and bad faith violations of the FLSA, there have become due and owing to the Plaintiffs an amount that has not yet been precisely determined. The employment and work records for the Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of the Defendants, and the Plaintiffs are unable to state at this time the exact amount owing to them. Defendants are under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the Plaintiffs and other employees similarly situated from which the amount of Defendants' liability can be ascertained.

29. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay for Defendants' failure to pay overtime compensation.

30. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

### Failure to Pay FLSA Overtime in a Timely Manner by Paying Weeks or Months After the Overtime was Worked

31. Plaintiffs re-allege, and incorporate by reference herein, Paragraphs 1 through 30 of this Complaint.

32. The FLSA mandates that overtime compensation be paid on the regular payday for the period in which such workweek ends. Overtime payments under the FLSA may not be delayed except as reasonably necessary to compute the amount owned, and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106. Defendants have violated these basic principles by delaying Plaintiffs' overtime payments for working in excess of 204 hours a work period by weeks and in some cases months, with such delay not being reasonably necessary to compute Plaintiffs' overtime pay, but rather because of a failure by management personnel to approve overtime payments or otherwise unreasonably fail to effectuate timely payment.

33. Defendants' failure to pay Plaintiffs FLSA overtime pay in a timely manner and their withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. §§ 207(a), (k); 29 C.F.R. § 778.106; *see also Seneca Coal & Coke Co. v. Lofton*, 136 F.2d 359, 363 (10th Cir. 1943), *cert. denied*, 320 U.S. 772 (1943) (affirming award of liquidated damages for late payment of overtime because it was "not paid when due in the regular course of employment," in violation of the FLSA).

34. As a result of the Defendants' willful and bad faith violations of the FLSA, there have become due and owing to the Plaintiffs an amount that has not yet been precisely determined. The employment and work records for the Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of the Defendants, and the Plaintiffs are unable to state at this time the exact amount owing to them. Defendants are under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the Plaintiffs and other employees similarly situated from which the amount of Defendants' liability can be ascertained.

35. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay for Defendants' failure to pay overtime compensation.

36. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, all Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

(a) Enter judgment finding that the Defendants have willfully and wrongfully violated its statutory obligations under federal and state law and deprived each of the Plaintiffs of his/her rights;

(b) Order a complete and accurate accounting of all the unpaid compensation to which the Plaintiffs are entitled;

(c) Award Plaintiffs compensatory relief in the form of unpaid compensation and liquidated damages equal to their unpaid compensation;

  (d)  Award Plaintiffs interest on their unpaid compensation;

  (e)  Award Plaintiffs their reasonable attorneys' fees to be paid by the Defendants, and the costs associated with bringing this action; and

  (f)  Grant such other relief as may be just and proper.

DATE: January 28, 2022        Respectfully submitted,

/s/ James P. Hunt
James P. Hunt, OBA 15559
601 S. Boulder, Ste. 600
Tulsa, Oklahoma 73119
Phone: (918) 497-9159
Facsimile: (918) 497-9159
Email: jamesphunt@earthlink.net

/s/ Sara L. Faulman
Sara L. Faulman *(pro hac vice to be submitted)*
John W. Stewart *(pro hac vice to be submitted)*
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue, N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
Email: slf@mselaborlaw.com
Email: jws@mselaborlaw.com

*Counsel for Plaintiffs*